# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 24, 2019

Bridget M. McCormack,
Chief Justice

158751

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

COUNCIL OF ORGANIZATIONS AND
OTHERS FOR EDUCATION ABOUT
PAROCHIAID, AMERICAN CIVIL
LIBERTIES UNION OF MICHIGAN,
MICHIGAN PARENTS FOR SCHOOLS,
482FORWARD, MICHIGAN ASSOCIATION
OF SCHOOL BOARDS, MICHIGAN
ASSOCIATION OF SCHOOL
ADMINISTRATORS, MICHIGAN
ASSOCIATION OF INTERMEDIATE SCHOOL
ADMINISTRATORS, MICHIGAN SCHOOL
BUSINESS OFFICIALS, MICHIGAN
ASSOCIATION OF SECONDARY SCHOOL
PRINCIPALS, MIDDLE CITIES EDUCATION
ASSOCIATION, MICHIGAN ELEMENTARY
AND MIDDLE SCHOOL PRINCIPALS
ASSOCIATION, KALAMAZOO PUBLIC
SCHOOLS and KALAMAZOO PUBLIC
SCHOOLS BOARD OF EDUCATION,
          Plaintiffs-Appellants,

v

                                      SC: 158751
                                      COA: 343801
                                      Court of Claims: 17-000068-MB

STATE OF MICHIGAN, GOVERNOR,
DEPARTMENT OF EDUCATION, and
SUPERINTENDENT OF PUBLIC
INSTRUCTION,
          Defendants-Appellees.
_____/

      On order of the Court, the application for leave to appeal the October 16, 2018 judgment of the Court of Appeals is considered, and it is GRANTED. The parties shall include among the issues to be briefed whether MCL 388.1752b violates Const 1963, art 8, § 2.

      Public Funds Public Schools is invited to file a brief amicus curiae. Other persons or groups interested in the determination of the issue presented in this case may move the Court for permission to file briefs amicus curiae.

      MARKMAN, J. (*concurring*).

      If the present case is eventually resolved on its merits, there are two principal outcomes that might result. MCL 388.1752b will either be sustained or nullified on the basis of this Court's assessment of Const 1963, art 8, § 2; *Traverse City Sch Dist v Attorney Gen*, 384 Mich 390 (1971); and whatever other sources of law we determine to

be relevant.    Sustaining MCL 388.1752b would perhaps be in tension with the Establishment Clause, while nullifying MCL 388.1752b would perhaps be in tension with the Free Exercise Clause.  Because the recent decision of the United States Supreme Court in *Trinity Lutheran Church of Columbia, Inc v Comer*, ___ US ___; 137 S Ct 2012 (2017), may well be highly relevant in avoiding either of these potentially unsustainable outcomes, I would respectfully urge the parties to brief and to be prepared to respond to questions concerning the impact, if any, of *Trinity Lutheran*.  Indeed, for the following reasons, I do not believe we can undertake a disciplined assessment of this case absent consideration of *Trinity Lutheran*.

First, *Traverse City Sch Dist* itself sought specifically to harmonize Const 1963, art 8, § 2 with the Free Exercise Clause to avoid "serious constitutional problems" with the state constitutional provision.  *Traverse City Sch Dist*, 384 Mich at 430.  In particular, we stated that a "literal perspective on [the provision's] mandate of no public funds for non-public schools would . . . [i]n the case of parochial or other church-related school children . . . violate the free exercise of religion clause . . . ."  *Id.*  Thus, it would be difficult to disconnect the analysis of either *Traverse City Sch Dist* or Const 1963, art 8, § 2, from the harmonizing authority itself, the Free Exercise Clause.

Second, it is a rule of state constitutional interpretation that "wherever possible an interpretation that does not create constitutional invalidity is preferred to one that does." *Traverse City Sch Dist*, 384 Mich at 406.  Consequently, in *Traverse City Sch Dist*, we accorded a particular interpretation to Const 1963, art 8, § 2 specifically to avoid a conclusion that it violated the Free Exercise Clause.  Where this Court may conceivably be obligated to render an interpretation of Const 1963, art 8, § 2 that is consistent, rather than inconsistent, with the Free Exercise Clause, it would be problematic for it to fail to give full consideration to interpreting our state Constitution in accord with the Free Exercise Clause as it is now understood.

Third, *Trinity Lutheran* held that a state agency's denial of state funds to a religious school based on a Missouri constitutional provision similar to Const 1963, art 8, § 2 violated the Free Exercise Clause.  *Trinity Lutheran*, ___ US at ___; 137 S Ct at 2017.  While the Missouri provision expressly required the denial of state funds based on the religious classification of a putative recipient, whereas Const 1963, art 8, § 2 is facially neutral on the matter, this Court noted in *Traverse City Sch Dist* that "with 98 percent of the private school students being in church-related schools," the classification set forth in Const 1963, art 8, § 2 "is nearly total" in the " 'impact' " of the classification on religious schools.  *Traverse City Sch Dist*, 384 Mich at 434.  As a result, if Const 1963, art 8, § 2 is deemed to be effectively indistinguishable from the Missouri provision addressed in *Trinity Lutheran*, the denial of state funds in this case may well raise Free Exercise concerns under *Trinity Lutheran*.

Fourth, Const 1963, art 8, § 2 may reasonably be characterized as upholding the values of the Establishment Clause by precluding state funds from being used to assist religious institutions. Yet the Establishment Clause and the Free Exercise Clause may often "tend to clash with the other" because each sets forth objectives seemingly in tension. *Walz v Tax Comm of City of New York*, 397 US 664, 669 (1970). Thus, to the extent that Const 1963, art 8, § 2 furthers a valid purpose as to the Establishment Clause, it may consequently be in some tension with the Free Exercise Clause. It would therefore be difficult to assess the validity of Const 1963, art 8, § 2 under the Establishment Clause without also assessing its validity under the Free Exercise Clause.

This Court owes the parties, and the people of this state, a final decision in this case that fairly considers all inextricably connected issues. The need to fully and finally resolve the present dispute has been made especially critical by the fact that it has now been nearly three years since our Legislature enacted MCL 388.1752b and since a lower court of this state issued a preliminary injunction preventing that law from taking effect. Whether MCL 388.1752b is ultimately sustained, or nullified, it is long past time that this Court, the highest of our state, determine decisively which of these outcomes is warranted, so that the product of our legislative process is no longer maintained in limbo. With that in mind, I concur with the grant order.

CLEMENT, J., not participating due to her prior involvement as chief legal counsel for the Governor.





I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 24, 2019

a0618

Clerk